O. WOOLDRIDGE, Assignee, v. JESSE W. and JOHN F. PAGE, Ex'rs, et al.

1. STATUTE OF LIMITATIONS.   *Executors and administrators.   Insolvent proceedings.   Chancery practice.   Judgment on suit against Executor within seven years.   Bill filed after seven years to subject realty.*   Where suit against a personal representative is brought within the time prescribed by law for such actions, the bar of the statute is saved as to the whole assets of the estate, embracing realty, descended to the heir, which, upon exhaustion of the personalty, may be reached by bill in chancery for that purpose, filed more than seven years after death of the testator, the running of the statute being defeated by the commencement of the original suit within two and a half years from the qualification of the executor, which was diligently prosecuted to judgment.

Cases cited: Smith v. Hickman's Heirs, Cooke's R., 329; Pea v. Waggoner, 5 Haywood, 1; Johnson v. Dew, 5 Haywood, 224; Peck v. Watson's Heirs, M. & Yer., 353; Williams v. Conrad, 11 Hum., 412; Stone v. Sanders, 1 Head, 249; Earles v. Earles, 3 Head, 366; Wayne Davidson v. Evans, Adm'r, et als., MS.; Venable v. Estill, MS.

Code cited: Sections 51, 2252, 2281, 2786.

2. SAME.   *Same.   Supreme Court.   Scire facias..*   The judgment creditor in this case sued out a *scire facias* in the supreme court, against the heirs, to show cause why the judgment should not be revived, and satisfied out of the real estate descended to them.   The court say:

Wooldridge *v.* Page.

To a *scire facias* sued out by a judgment creditor, to subject the realty descended to the heir, the latter may make all defenses that were, could or should have been made by the personal representative in the original action, the judgment against the personal representative being only *prima facie* evidence of indebtedness against the heir. He may also make an issue with the personal representative as to the mismanagement and waste of the personalty. It is doubtful, therefore, whether the supreme court, a court of appellate jurisdiction only, has jurisdiction of such writ of *scire facias.* In this case the question need not be decided, because there was no plea of fully administered in the original action, without which there can be no further proceeding at law against the heir.

FROM SHELBY.

Appeal from the Chancery Court. R. J. MORGAN. Chancellor.

GANTT & PATTERSON and METCALF & WALKER for plaintiff.

VANCE & ANDERSON and HUMES & POSTON for defendants.

TURNEY, J., delivered the opinion of the court.

In March, 1867, W. M. Folwell died, testate, in Shelby county. Defendants qualified as executors of his will in April, 1867. P. G. Meath brought suit for a debt alleged to be due from the testator, at the September term, 1876, of this court. Judgment was recovered against the executors for $23,633, in the name of Wooldridge, assignee, etc., of Meath. On the 4th of December, 1876, Wooldridge filed a bill in the chancery court at Memphis, against the executors and devisees of Folwell, alleging the foregoing facts, and

Wooldridge *v.* Page.

also, that the personal assets were exhausted, and praying a sale of real estate for the satisfaction of the judgment. The bill was demurred to upon the ground that it was barred by the statute of limitations of seven years. Demurrer was sustained, and the cause appealed. At the April term, 1877, of this court, Wooldridge sued out a *scire facias* against the devisees of Folwell, to show cause why the judgment should not be revived to be satisfied out of the real estate devised to them. The causes are heard together.

We think the objections to the jurisdiction on the *scire facias* is well taken. In answer to that writ, the parties defendant may not only make all the defences that were, could, or should have been made by the executors to the original action, but may also make an issue with the executors as to their management and waste of the personalty, the judgment against the executors being only *prima facie* evidence of the indebtedness against the devisees; and while the inquiries thus involved can, perhaps, only be had in a court of original jurisdiction, yet we are saved an investigation and determination of the question by the fact that there was no plea of fully administered in the suit at law, without which no proceeding at law can now be had against the heir or devisee.

The demurrer to the bill is based upon sections 2281 and 2786 of the Code. The first is in Art. 13, entitled, "Limitations of suits against personal representatives," and in the words, "Infants, persons of unsound mind, and married women, may bring their several actions within one year after the removal of

their disabilities, notwithstanding the lapse of said periods of two and three years, so that such suit be brought within seven years after the death of the debtor, if the cause of action accrued in his lifetime, or otherwise, within seven years from the time the cause of action accrued." The other is in Art. 3, under the title, "Limitations of actions other than real," and in the words, "But all actions against the personal representative of a decedent, for a demand against such decedent, shall be brought within seven years after his death notwithstanding any disability existing, otherwise they will be forever barred." These two sections and the act of 1715, ch. 48, sec. 9, except the first clause of sec. 2281, containing a saving in favor of persons under disability and which is a proviso from the act of 1789, ch. 23, sec. 4. Many authorities are cited by solicitors for defendants—the first being the case of *Smith* v. *Hickman's heirs*, Cooke's R., 329. The facts of that case are, the ancestor of the defendants, sometime in the spring of 1789, executed an obligation to the complainant binding him to convey six hundred acres of land in a reasonable time. The ancestor died in 1791, leaving defendants his heirs-at-law. Administration of his personal estate was committed to his wife and two other persons. The obligation had not been complied with; the defendants refused to satisfy it; a large estate, real and personal, had descended to them; the bill sought a specific performance, and was filed more than seven years after the death of the ancestor, and was the first and only suit ever instituted upon the obligation to

convey.    The acts of limitations of 1715 and 1789 were relied on by the defendants as a bar.    In that case the only question discussed and decided, that in any way aids in the investigations now before us is, whether the statute of seven years protected the heir as well as the personal representative, the court hold‑ ing that it protects the one as well as the other; that statutes of limitations are made for the peace and quiet of the people.    This holding was in response to the position of complainants, that no statutes of limitations did or could apply in the particular case. It is to be observed further of that case, the time within which to sue the personal representatives had elapsed—no suit had ever been brought against them, nor could it have been maintained at the date of the filing of the bill.    The case of *Lewis' Ex'r* v. *Hick‑ man's heirs and adm'rs,* is very similar to *Smith* v. *Hickman,* and was determined upon its authority.    No suit was instituted until after the lapse of seven years from the death of the ancestor and intestate.    In *Pea* v. *Waggoner,* 5 Hay., 1, the bill charged that the complainant, as administrator, paid debts due from the intestate to a considerable amount more than the as‑ sets which came to his hands, and prayed to be re‑ imbursed out of the real estate which descended to the heir.    The intestate had been dead more than seven years, and no suit brought within that period after the death.    The claim was held to be barred, and we think properly.    By the payment of the debts, the administrator placed himself in no better condition than were the creditors to whom he paid; he was

merely substituted to their rights and restrictions, and must, as they would have been required to do, have instituted proceedings for the recovery of these debts within the time prescribed by the statute. *Johnson* v. *Due,* 5 Hay., 224, holds the words, "shall make their claim," means shall bring their suit within seven years or otherwise be barred. In *Peck* v. *Watson's heirs,* M. & Yer., 353, a judgment had been obtained against the administrator in June, 1811, and no steps taken to subject real estate descended to the heirs for more than seven years, and perhaps as much as fifteen or sixteen years elapsed after the judgment against the personal representative, before suit against the heirs. The case was determined by this court in 1828, when there was no delay or cause for delay in the disposal of causes. The debt was lost by laches, and not by any statute of limitations. *Williams* v. *Conrad,* 11 Hum., 412, holds that a person claiming a life interest in slaves agreed to be conveyed upon certain trusts by a person who afterwards dies, may be barred by failure to assert the claim against the estate within seven years after the death. In *Stone* v. *Sanders,* 1 Head, 249, administration was granted in March, 1848. No suit ever brought against the administrator. In October, 1857, nine and a half years after the appointment of the administrator, a bill is filed to subject slaves or the proceeds of the sales in the hands of heirs to the payment of debts. There was a demurrer and the bill dismissed. *Earles* v. *Earles,* 3 Head, 366, decides, "if the purchase money to acquire title to land is paid by one person, but the title made

to another, and the party in whom the legal title is vested dies, suit to establish a trust must be instituted within seven years after the death of such party, or the claim will be barred by the act of 1715." In the case of *Wayne Davidson* v. *Evans' adm'r et al.*, manuscript opinion by Deaderick, C. J., the death was in 1864—administration granted in 1865. No suit appears to have been against the administrator, and the bill to subject land was filed in 1874, ten years after the death. In *Venable* v. *Estill*, and *Loughmiller* v. *Estill & Venable*, the debtor died in 1857; the bill filed to reach the real estate in 187–, with nothing to show as against the heirs any suit or judgment against the administrator. In this last case, the writer of this opinion having been of counsel, took no part in its consideration, but was present at the consultation, and distinctly remembers the conclusion was concurred in for the reason already stated, and the further reason that assets were in the hands of the administrator. In view of these facts it was determined to be unnecessary to pass upon the question of the statute of limitations.

In all the foregoing cases it distinctly appears, either that there never had been suits instituted against the personal representative and judgment obtained, or if there had been, more than seven years had been allowed to elapse between the time of the obtention of such judgment and the institution of proceedings to reach the lands descended or devised. In none of them is the question involved in this case presented. By our statute, Code, sec. 51, the word "property"

"includes both personal and real property." By sec. 2252 of Code, "Every debtor's property, except such as may be especially exempt by law, is assets for the satisfaction of all his debts." It is well established, both by statutory enactment and judicial decision, that personal property is primarily liable for the payment of debts, and in cases of claims against the estate of dead men, the personalty in the hands of the representative must be exhausted before lands in the hands of the heir or devisee can be reached to satisfy such claims or debts; this being so, the personal representative must be first called on by suit to pay debts due from his testator or intestate. Whether he has the assets with which to pay, must be determined ordinarily by the result of the suit against him, and perhaps by the return of *nulla bona* to execution process. The heir has the right to demand that all this shall be done before he is vexed, and even then he may contest *ab initio* the claim of the creditor and the administration of the representative before his descent cast can be interrupted. In this case suit was brought in time and prosecuted to its termination with diligence without delay, upon the discovery of a want of personal assets to pay the debt. This bill is filed to reach the real estate, which is *assets for the payment of debts.* Every step has been taken without *laches* or delay on the part of complainant to secure his debt; he made his claim, and brought his suit in the time allowed. We are of opinion the statute means to bar only such claims as are not demanded by suit within the time prescribed after the death of the debtor,

whether brought against the representative or heir; that the proper institution of suit against the administrator or executor within time will save the bar of the statute as to realty as well as to personalty. There is no provision in the statute for a limitation as to the heir or devisee; it is by construction he is allowed to avail himself of this defense. The courts have construed the acts to protect the entire estate, unless suit is brought against the representative within a prescribed time. If we take from the statute book the provisions for defense, because of lapse of time, by the representative, there is no rule by which the heir may protect his estate at any length of time from the death of the ancestor. Then if the proposition, that suit must be brought against the representative within a definite period, or the right against the estate be extinguished be true, we think the converse equally true, that is, that the bringing of suit within the time prevents the bar as to the entire assets of the estate.

Reverse the decree and remand the cause for further proceedings.

Judge FREEMAN dissenting.